**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CRIMINAL ACTION NO. 22-28-DLB-CJS**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**


**v.**                         **MEMORANDUM OPINION & ORDER**


**JAY M. SADRINIA, D.M.D**                                         **DEFENDANT**

\* \* \* \* \* \* \* \* \* \* \*

## I.     INTRODUCTION

This matter is before the Court on Defendant Jay M. Sadrinia's Supplement to Motion to Dismiss the Indictment (Doc. # 56), to which the United States responded and is now ripe for review (Doc # 62).  For the reasons stated herein, Defendant's Supplement to Motion to Dismiss the Indictment (Doc. # 56) is **denied**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2022, the grand jury indicted Sadrinia under the Controlled Substances Act ("CSA") alleging four counts of unlawful Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and one count of unlawful Distribution of a Controlled Substance Resulting in Death or Serious Bodily Injury in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  (Doc. # 3).  Although the grand jury returned a superseding indictment on May 25, 2022 adding ten additional distribution counts involving three additional patients, those counts have been severed for trial pursuant to Rule 14(a) (*See* Doc. # 97 & 100).

III.    **ANALYSIS**

A.    **Standard of Review**

Federal Criminal Rule 7(c)(1) explains that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  As the Sixth Circuit has explained, "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *United States v. Hudson*, 491 F.3d 590, 592-93 (6th Cir. 2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974) (alterations in original)).

Sadrinia makes three arguments in support of his Supplement to Motion to Dismiss.  Each one focuses on 21 C.F.R. § 1306.04(a)'s declaration that a "prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."  First, he argues that the language of 21 C.F.R. § 1306.04(a) violates the Due Process Clause of the Fifth Amendment because it is impermissibly vague.  (Doc. # 56 at 2-3).  Second, he argues that the regulation exceeds the Drug Enforcement Administration's ("DEA") statutory authority under the CSA.  (*Id*. at 3-5).  Lastly, he argues that the "as authorized" clause of the regulation violates the separation of powers under the United States Constitution.  (*Id*. at 5-7).  The Court will address each argument.

1.    *Vagueness*

Sadrinia argues that § 1306.04(a) fails to give a defendant fair notice and leads to abuse because, prior to *Ruan v. United States*, 142 S. Ct. 2370 (2022), judges and

prosecutors "turned the language of the regulation into an objective standard for criminality with no legitimate basis in law." (*Id.* at 3). He further argues that medical practitioners have no way of knowing what conduct is authorized as legitimate and in the usual course of professional practice, leaving practitioners at the mercy of the decision maker. (*Id.*).

The Due Process Clause bars enforcement of a criminal statute for vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008) (internal citations omitted). The Sixth Circuit has further clarified that the "void-for-vagueness doctrine requires that [a] statute define the criminal offense with such definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Kern*, 9 F.4th 342, 351 (6th Cir. 2021) (internal citations omitted) (alterations in original). This makes sense as "[w]ritten laws are meant to be understood and lived by. If a fog of uncertainty surrounded them, if their meaning could shift with the latest judicial whim, the point of reducing them to writing would be lost." *Wisconsin Cent. Ltd. v. United States*, 138 S. Ct. 2067, 2074 (2018). In the criminal context with no First Amendment implications, "the defendant bears the burden of establishing the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (internal citations omitted).

As an initial matter, the Court notes that Sadrinia has made no arguments specific to his case about the vagueness of the relevant regulation; instead, he focuses on general

claims that it is vague and leaves practitioners open to prosecution.  (*See* Doc. # 56 at 3).  Thus, he has failed to meet his burden to establish vagueness as to his specific case.

But as to his general claims about the vagueness of § 1306.04(a), he still fails to carry his burden.  The Court notes that *Ruan* outlined that the United States must prove a defendant acted knowingly or intentionally in an unauthorized manner—an unauthorized manner is one in violation of § 1306.04(a).  142 S. Ct. at 2377.  Tellingly, the Supreme Court noted the ambiguity in the at-issue regulation and still went on to illuminate the scienter requirement as the appropriate conclusion.  *Id.* at 2377-78 ("[T]the regulatory language defining an authorized prescription is, we have said, 'ambiguous,' written in 'generalit[ies], susceptible to more precise definition and open to varying constructions." (internal citations omitted) (alterations in original)).  Indeed, the Supreme Court clarified the subjective standard because "[a]pplying § 841's 'knowingly or intentionally' *mens rea* to the authorization clause thus 'helps advance the purpose of scienter, for it helps to separate wrongful from innocent acts."  *Id.* (quoting *Rehaif v. United States*, 139 S. Ct. 2191, 2197 (2019)).

*Ruan* colors this Court's view of Sadrinia's vagueness claim because the Supreme Court refined what was necessary to prove an offense under the CSA in cases like this one.  Indeed, the Court in *Ruan* emphasized that the United States can prove knowledge through circumstantial evidence by reference to objective criteria.  *Id.* at 2382.  Thus, the Court clearly did not see a substantial issue with the ambiguity of the at-issue regulation, nor does this Court or the litany of circuit courts to consider the issue.[1]  *See United States*

---

[1]     Even more telling, the Sixth Circuit has rejected a void-for-vagueness argument too.  *See United States v. DeBoer*, 966 F.3d 1066, 1068-69 (6th Cir. 1992) ("However, the language in §841(a)(1) and 21 C.F.R. § 1306.04(a) clearly defines the [practitioner's] responsibilities that give rise to conduct that constitutes an unlawful distribution of a prescription drug.").

*v. MacKay,* 715 F.3d 807, 824 (10th Cir. 2013) ("As applied to [MacKay], the Controlled Substances Act is not vague."); *United States v. Orta-Roasio*, 469 F. App'x 140, 143 (4th Cir. 2012) (rejecting a similar argument and noting that "[s]everal other Circuits have explicitly ruled that the CSA and the regulations are not void for vagueness."); *United States v. Birbragher*, 603 F.3d 478, 488 (8th Cir. 2010) ("[W]e note that Birbragher has not cited any authority, and we find none, that either the CSA or 21 C.F.R. § 1306.04 fails to provide adequate notice of what conduct is prohibited.").  Even post-*Ruan*, our sister courts have rejected similar challenges.  *See United States v. Bowdoin Smith*, No. 2:19-CR-05, (M.D. Tenn. April 4, 2023), ECF No. 134 at 1-2 ("Accordingly, Defendant's motion to dismiss is also [denied] as to the vagueness challenge.").  This Court will likewise reject Sadrinia's challenge on vagueness grounds.

### 2.    *Statutory Authority*

Sadrinia argues that Congress never delegated authority for the Attorney General, Department of Justice, or the DEA to define the word "authorized," within the meaning of § 841.  (Doc. # 56 at 4).  Specifically, he argues that the DEA acting in such a way allows it to serve as a "*de facto* medical board, usurping the authority of state agencies and substituting in the DEA's medical judgement for that of experienced practitioners (or state agencies)," which implicates matters of significant economic and political significance.  (*Id.*) (citing *West Virginia v. EPA*, 142 S. Ct. 2587, 2608 (2022)).   The Court is not convinced.

When Congress passed the CSA, it established a "comprehensive, closed regulatory regime criminalizing the unauthorized manufacture, distribution, dispensing, and possession of substances classified in any of the Act's five schedules."  *Gonzalez v.*

*Oregon*, 546 U.S. 243, 250 (2006).  Section 841(a)(1) of the CSA codifies the requirement of an authorization.   The Attorney General was given authorization by Congress to "promulgate rules and regulations and to charge reasonable fees relating to the registration and control of the manufacture, distribution, and dispensing of controlled substances . . . ."  21 U.S.C. § 821.  The Attorney General has delegated the registration authority to the DEA.  *See* 28 C.F.R. § 0.100(b); 21 U.S.C. § 871.  Under the CSA, the DEA has the authority to register medical professionals who are authorized to dispense controlled substances and may deny, suspend, or revoke that registration.  28 C.F.R. § 823 (f) and (g); *Gonzalez*, 546 U.S. at 251.

The CSA also defines a "valid prescription" as "a prescription that is issued for a legitimate medical purpose in the usual course of professional practice" of a qualified practitioner.  21 U.S.C. § 829(e)(2)(A).  The at-issue regulation tracks this exact language: "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."  21 C.F.R. § 1306.04(a).

The Supreme Court has addressed Sadrinia's concern of the DEA acting in place of a medical board: "[f]urther cautioning against the conclusion that the CSA effectively displaces the States' general regulation of medical practice is the Act's pre-emption provision," which indicates that Congress does not intend to occupy the field to the exclusion of any State law.   *Gonzalez*, 546 U.S. at 270.  The CSA operates to "bar doctors from using their prescription-writing powers as a means to engage in illicit drug dealing and trafficking as conventionally understood.  Beyond this, however, the statute manifests no intent to regulate the practice of medicine generally."  *Gonzalez*, 546 U.S. at 270.

Accordingly, the DEA then does not have the ability to regulate the practice of medicine generally.  The actual distinction between authorized and unauthorized conduct still lies at state level decision making because that conduct is determined in reference to the state laws and regulations in which the practitioner is prescribing the controlled substances.  *See id.* at 270; 21 U.S.C. § 823(f) and 802(21).  The DEA is acting in accordance with the authority that was delegated to the Attorney General and then to itself.  This Court rejects Sadrinia's assertions to the contrary.

### 3.   *Separation of Powers*

Sadrinia's final argument is that the DEA is exercising legislative authority through its application of § 1306.04(a) which requires Congress to have provided an "intelligible principle" with which the DEA must act in accordance.  (Doc. # 56 at 6).  Sadrinia posits that Congress did not do so here.  (*Id.*).  Sadrinia invokes the "nondelegation doctrine" that rests upon the United States Constitution's Article I, Section 1 declaration that "permits no delegation" of Congress's legislative powers. *Whitman v. American Trucking Ass'ns*, 531 U.S. 457, 472 (2001).  While the "nondelegation doctrine is rooted in the principle of separation of powers," it is also true that the doctrine does "not prevent Congress from obtaining the assistance of its coordinate Branches." *Mistretta v. United States*, 488 U.S. 361, 371-72 (1989).  Congress can obtain that assistance by laying "down by legislative act an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform, such action is not a forbidden delegation of legislative power." *Id.* at 372 (internal quotations and citations omitted) (alteration in original).  The Court finds that Congress clearly articulated an intelligible principle for the Attorney General, and subsequently, the DEA.

"The practical reality has long been that the nondelegation doctrine poses little obstacle to delegations of power to agencies to exercise a great deal of discretionary authority to promulgate rules that function as legislation."  Federal Practice and Procedure (Wright & Miller), Judicial Review of Administrative Action, § 8122 Nondelegation Doctrine, 2d ed. (2023).  "The Court has invalidated a statutory provision for lacking an intelligible principle on only two occasions, both in 1935—which has therefore been called the nondelegation doctrine's 'one good year.'"  *Id.*  The CSA is not one of those two statutes.

Moreover, the CSA provides a detailed framework for the relevant agencies to follow, as discussed in detail in Part III.A.2 of this Opinion.  Congress has listed categories for controlled substances, known as schedules, within the CSA (§ 812); it has provided authority for the Attorney General to act (§ 821); when that authority was delegated (legitimately), the DEA tracked the relevant language of the CSA to define unauthorized conduct (21 C.F.R. § 1306.04(a)); and state law still supplements the relevant medical standards in these cases.  All these provisions counsel the Court to give little weight to Sadrinia's argument that the nondelegation doctrine has been violated in this context.  Congress provided an intelligible principle to the Attorney General and DEA.  Consequently, the Court rejects this argument as well.

## IV.   CONCLUSION

The Court has reviewed the arguments and determined that Sadrinia's additional grounds for dismissal of the Indictment are without merit.  Accordingly,

**IT IS ORDERED** that:

(1)    Defendant Sadrinia's Supplement to Motion to Dismiss the Indictment (Doc. # 56) is **DENIED;** and

(2)    This matter remains scheduled for **trial** on **Tuesday, June 13, 2023** at 9:00 a.m. in Covington, with counsel present at 8:30 a.m.

This 6th day of June, 2023.



Signed By:

*David L. Bunning*

**United States District Judge**

K:\DATA\ORDERS\Covington Criminal\2022\22-28 MOO re Motion to Supplement MTD.docx